UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


PETER LUZAICH,                                    CIV. NO. 13-1869 (DWF/JSM)
ELIZABETH LUZAICH,

     Plaintiffs,                              REPORT AND RECOMMENDATION


v.

JP MORGAN CHASE BANK, N.A.,

     Defendant.

    The above matter came before the undersigned on Defendant's Motion to Dismiss [Docket No. 7].  William B. Butler, Esq. appeared on plaintiffs' behalf.  Peter J. Schwingler, Esq. appeared on defendant's behalf.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(A),(B) and Local Rule 72.1(c) and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 11, 2013 [Docket No. 19].

    Plaintiffs seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims against defendant: (1) quiet title, to determine adverse claims under Minn. Stat. §559.01; (2) declaratory judgment; and (3) slander of title.  For the reasons below, the Court recommends that defendant's Motion to Dismiss be granted and plaintiffs' claims be dismissed with prejudice.

I.     **BACKGROUND**

Plaintiffs sued defendant JP Morgan Chase Bank, N.A. ("Chase") in Minnesota state district court on June 18, 2013.  Notice of Removal, p. 1 [Docket No. 1].  Chase removed the matter to Federal District Court on July 11, 2013.  Id.  Chase moved to dismiss plaintiffs' Complaint in lieu of answering.

The facts bearing on the motion are as follows: Plaintiffs acquired their interest in property located in Wayzata, Minnesota ("Property") on July 26, 2004, by Warranty Deed.  Complaint, ¶¶1, 2 [Docket No. 1-1].  Also on July 26, 2004, plaintiffs executed and delivered a promissory note to Washington Mutual Bank ("WAMU") and a mortgage in favor of WAMU.  Id., ¶4, Ex. 1 (Mortgage).

On June 18, 2008, Ralph Gerardi, Vice President of Chase and Chase Home Finance, LLC signed a Limited Power of Attorney authorizing the Usset, Weingarden & Liebo, P.L.L.P. law firm ("Usset") to act on Chase's behalf in connection with foreclosing on the Property.  Id., ¶17, Ex. 6 (Limited Power of Attorney).  This Limited Power of Attorney was recorded in the Hennepin County Registrar of Titles[1] office on July 25, 2008.  Id.

On September 25, 2008, the United States seized WAMU, placed it into receivership with the Federal Deposit Insurance Corporation ("FDIC"), and Chase acquired the bulk of WAMU's assets from the FDIC.  Id., ¶¶7, 8; Exs. 3 (September 26, 2008 Wall Street Journal article), 4 (Affidavit of FDIC-R in Support of Summary Judgment submitted in Hayes v. J.P. Morgan Chase Bank, et al., 09-cv-3015 (JNE/JJG)

---

[1]     The Complaint frequently refers to the Hennepin County Recorder's office.  The documents were all recorded in the Registrar of Titles office and there is no argument that they were recorded in the wrong office.

(D. Minn. Apr. 15, 2010)), 5 (Purchase and Assumption Agreement ("PAA") among FDIC as Receiver of WAMU and Chase).  Plaintiffs alleged that the PAA is silent as to whether Chase acquired WAMU's interest in the Property.  Id., ¶8.  Plaintiffs also alleged assuming that Chase purchased plaintiffs' loan, there is no evidence of an assignment of the mortgage from WAMU to the FDIC and from the FDIC to Chase.  Id., ¶¶10, 11.

On October 24, 2008, Usset, on Chase's behalf, signed a Notice of Pendency and Power of Attorney to Foreclose.  Id., ¶18, Ex. 7 (Notice of Pendency and Power of Attorney to Foreclose).  This document was recorded in the Hennepin County Registrar of Titles office on October 30, 2008.  Id.

On October 29, 2008, Chase recorded an affidavit signed by Robert Shoppe, the FDIC's Receiver of WAMU, with the Hennepin County Registrar of Titles office stating that as of September 25, 2008, Chase became the owner of all loans and loan commitments of WAMU.  Declaration of Peter J. Schwingler ("Schwingler Decl.") [Docket No. 10-2], Ex. B, ¶¶4, 5.  This affidavit also stated:

> As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d)(2)(G)(i)(II), the FDIC, as receiver of Washington Mutual, may transfer any asset or liability of Washington Mutual without any approval, assignment, or consent with respect to such transfer.

Id., ¶3.

On February 16, 2010, October 13, 2010, February 21, 2012, and April 30, 2012, Chase recorded Notices of Pendency and Powers of Attorney.  Complaint, Exs. 8-11.

On February 13, 2012, Chase noticed a sheriff's sale of the Property, and after several postponements, the sale occurred on November 27, 2012.  Id., ¶23, Ex. 12

(Sheriff's Certificate of Sale and Foreclosure Record).  Usset, on Chase's behalf, bid in $485,000 in debt allegedly owed to Chase.  Id.  The Sheriff's Certificate of Sale and Foreclosure Record was recorded in the Hennepin County Registrar of Titles office on December 3, 2012.  Id.; Ex. 12.

Plaintiffs alleged that Chase did not have the right to exercise the power of sale in the mortgage because: (1) it had no right to enforce the note; (2) the FDIC is the real party in interest; and (3) the requisite Powers of Attorney were not recorded.  Id., ¶23. According to plaintiffs, the recorded Powers of Attorney are defective because they recite that Chase is the mortgagee, which plaintiffs claimed was untrue.  Id., ¶24. Plaintiffs alleged that Chase was not in possession of the original note, WAMU did not endorse the note over to Chase and, as a result, Chase is not a holder in due course of the note.  Id., ¶¶26, 27.  Plaintiffs also claimed that in a different lawsuit, Deutsche Bank v. FDIC, Civ. No. 1:09-1656 (D.D.C.), Chase admitted in its summary judgment brief that the FDIC is the real party in interest.  Id., ¶28.  Therefore, all documents signed by Chase in furtherance of the foreclosure of the Property are void and false, and in any event, even if Chase had an interest in the Property, its failure to record all required assignments of mortgage and powers of attorney to foreclose from WAMU to the FDIC and from the FDIC to WAMU violated Minn. Stat. §§ 580.02 and 580.05.  Id., ¶29.

Plaintiffs claimed that on or about April 13, 2011, Chase entered into an Order and Consent Decree with the Officer of Comptroller of the Currency ("OCC") in which Chase did not contest that it had engaged in a variety of "unsafe and unsound" banking practices in conducting foreclosures.  Id., ¶¶30-32, Ex. 13 (Consent Order).

As a result of all of these defects, plaintiffs claimed the foreclosure was void and plaintiffs remained the owners in fee title of the Property.  Id., ¶¶33-36.

Plaintiffs pled the following causes of action:

Count I sought a determination of adverse claims under Minn. Stat. §599.01, et seq.  This Count alleged that Chase's claim to an interest in the Property was void because: (1) Chase had no right to enforce the note under the UCC; (2) the FDIC, not Chase, is WAMU's successor-in-interest; (3) Chase did not possess the mortgagee's power of sale; and (4) the required Powers of Attorney were not recorded in violation of the foreclosure statute.  Id., ¶¶39-43.  Count I further alleged that in a quiet title action, Chase has the burden of proof and consequently, Chase must prove its interest in the Property by a preponderance of the evidence.  Id., ¶¶40, 41.

Count II sought a declaratory judgment pursuant to Minn. Stat. §555.02 that all of the recorded powers of attorney were false and void and that plaintiffs remained the owners of the property in fee title.  Id., ¶45.

Count III alleged slander of title based on Chase's recording of false documents. Id., ¶¶48-50.

As relief, plaintiffs sought a determination of the alleged adverse interests in the Property; a declaratory judgment that the Sheriff's Certificate of Sale and Powers of Attorney are void; an order that plaintiffs are the fee owners of the property; and damages.  Complaint, Prayer for Relief.

Chase moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiffs' allegations -- the FDIC still owned their loan, Chase failed to record all assignments of mortgage and powers of attorney

required by the Minnesota foreclosure statute, and Chase did not have the power to exercise the power of sale of the Property -- were conclusory and without support of facts and the law.  Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") [Docket No. 9].

## II.    LEGAL STANDARDS

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true.  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  In addition, a court must afford the plaintiff all reasonable inferences from those allegations.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 677 (quoting Twombly, 550 U.S. at 556).  "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted).  "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment.  Fed. R. Civ. P. 12(d).  "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment.  See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted)); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

## II.    DISCUSSION

### A.    Quiet Title

In Minnesota, "[a]ny person in possession of real property personally . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively."  Minn. Stat. §559.01.

In their response to Chase's motion to dismiss the quiet title claim, plaintiffs first contended that as their suit originated in state court, this claim could not be judged under federal pleading standards; rather, all they had to plead was that they were in possession of the Property and Chase had a claim adverse to them.   Plaintiffs' Memorandum in Opposition to Motion to Dismiss ("Pl. Opp. Mem."), pp. 1, 5 [Docket No. 15].  Further, plaintiff maintained that as Chase had the burden of proof with respect to their quiet title claim – which is a state substantive law right and not a state pleading standard – the federal rules could not be applied in a manner that denied their state substantive law rights.  Id., pp. 5-8.

The inference urged by plaintiffs – that this Court should apply the Minnesota state court pleading standards to their quiet title claim – is meritless.  Plaintiffs' counsel has made this exact argument in the past and the Eighth Circuit could not have been more emphatic in its response: "[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."  Karnatcheva v. JP Morgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied, 134 S.Ct. 72 (2013); see also Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013) (quoting Karnatcheva); Novak v. JP Morgan

Chase Bank, 518 F. App'x 498, 501 (8th Cir. 2013) (quoting Karnatcheva)); Gharwal v. Federal Nat'l Mortg. Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (noting that the Eighth Circuit has "squarely and repeatedly rejected" this argument).

In addition, the Eighth Circuit in Karnatcheva settled the "burden of proof" argument in a quiet title action advocated by plaintiffs.   As the court explained in Gharwal:

> Karnatcheva rejected that [burden of proof] argument, specifically holding that § 559.01 and the other authority on which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim. Karnatcheva, 704 F.3d at 548.  Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; Karnatcheva is binding precedent, and this Court must apply it.  The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself[2] has conceded in the past "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid." Welk v GMAC Mortg., LLC, 850 F.Supp.2d 976, 988 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013). Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts.  The claim fails under Rule 12(b)(6).

2013 WL 4838904, at *3.

Thus, this Court has reviewed plaintiffs' quiet title claim applying the standard governing Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

Mere allegations of plaintiffs' possession of the property and conclusory statements that the defendant's adverse claims are invalid are insufficient to state a

---

[2]     Both Gharwal and Karnatcheva were represented by William Butler, plaintiff's counsel in the instant case.

claim for relief.   See Karnatcheva, 704 F.3d at 548 (affirming the district court's dismissal of the plaintiff's quiet title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."); Yang Mee Thao-Xiong v. American Mortg. Corp., Civ. No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013) (quoting Novak v. JP Morgan Chase Bank, N.A., Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012), aff'd, 518 F. App'x 498 (8th Cir. 2013)) (finding that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

     In the instant case, plaintiffs have made wholly unsupported statements about Chase's supposed lack of interest in their mortgage, unrecorded assignments of mortgage from WAMU to the FDIC and the FDIC to Chase, and defective powers of attorney.  See Complaint, ¶¶23, 24, 28, 29; Pl. Opp. Mem., pp. 8-10.  The Eighth Circuit and courts within this District have unequivocally held that conclusory allegations lacking in factual support are insufficient to satisfy the Rule 8 pleading standards or the standards articulated in Iqbal and Twombly.  See e.g. Karnatvcheva, 704 F.3d at 548; Blaylock v. Wells Fargo Bank, N.A., 502 Fed. App'x. 623, 2013 WL 1688894, at *1 (8th Cir. April 19, 2013) (based on Karnatcheva, dismissed quiet title claim for falling short of federal pleading requirements); Iverson v. Wells Fargo Bank, N.A., 2013 WL 1688903 (8th Cir. April 19, 2013) (unpublished) (same); Sorem v. Bank of New York Mellon, Civ. No. 13-290 (DWF/JSM), 2013 WL 4611115, at *2-3 (D. Minn. Aug. 29, 2013); Ko v.

Mortgage Elec. Registration Sys., Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2

(D. Minn. Aug. 9, 2013); Quale v. Aurora Loan Servs, LLC, Civ. No. 13-621 (JNE/AJB),

2013 WL 3166584, at *1 (D. Minn. June 20, 2013) (string citation omitted); Lara v.

Federal Nat'l Mortg. Ass'n, Civ. No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D.

Minn. June 18, 2013); Schumacher v. Federal Home Loan Mortg. Corp., Civ. No. 13-29

(DSD/FLN), 2013 WL 3033746, at *2 (D. Minn. June 17, 2013).

Contrary to plaintiffs' unsupported allegations, the documents referenced in and

attached to the Complaint, along with those in the public record, show an unbroken

chain of title from WAMU to the FDIC to Chase.  Complaint, Exs. 1 (Mortgage), 3 (Wall

Street Journal article), 5 (PAA)[3]; Schwingler Decl., Ex. B (Shoppe Aff.).  The Sheriff's

Certificate of Sale, (Complaint, Ex. 12), is prima facie evidence that Chase (the

foreclosing entity) complied with all legal requirements regarding the foreclosure and

that the foreclosure and sale were proper.  Minn. Stat. §580.19.  Plaintiffs stated no

facts in their Complaint to rebut this evidence and none of the documents attached to

their Complaint support a claim that the FDIC, and not Chase, owned the mortgage at

the time of the foreclosure sale.

Further, plaintiffs' allegations regarding Chase's failure to acquire their loan in the

asset purchase from the FDIC have been raised and dismissed as meritless by courts in

other jurisdictions.  See, e.g., Stehrenberger v. JPMorgan Chase Bank, Civ. No. 2:12-

874, 2012 WL 5389682, at *4 (S.D. Ohio Nov. 2, 2012) (rejecting as "frivolous" plaintiff's

---

[3]     The PAA attached to plaintiffs' Complaint is clear on its face—Chase acquired all
of the Receiver's assets unless the assets were explicitly excluded pursuant to Sections
3.5, 3.6 or 4.8.  See Complaint, Ex. 5 (PAA).  None of the "exclusionary" sections of the
PAA reference mortgages in general or plaintiffs' loan in particular.  Section 3.5 stated
that Chase did not acquire or assume the assets listed on Schedule 3.5.  Schedule 3.5
does not refer to mortgages.  Sections 3.6 and 4.8 make no mention of mortgages.

argument that each Washington Mutual Bank mortgage loan acquired by Chase from the FDIC was required to be "individually identified"  and noting that "[c]ourts have * * * consistently held that Chase became the owner of [Washington Mutual's] loans and loan commitments by operation of law and have rejected any arguments that Chase is not entitled to enforce the acquired [Washington Mutual's] loans"); Jones v. JP Morgan Chase Bank, N.A., Civ. No. 12-488, 2012 WL 4815468, at *1 (N.D. Cal. Oct. 9, 2012) (taking judicial notice of PAA and relying on its terms to reject the plaintiff's argument that Chase did not own Washington Mutual loans because the PAA did not explicitly list the loans as purchased assets); Lomely v. JPMorgan Chase Bank, Civ. No. 5:12–cv– 01194, 2012 WL 4123403, at *3-4, (N.D. Cal. Sept. 17, 2012) (rejecting the plaintiff's arguments that Chase failed to acquire an interest in his Washington Mutual loan through the PAA and dismissing the plaintiff's complaint pursuant to Rule 12(b)(6)); Sherman v. JPMorgan Chase Bank, N.A., Civ. No. 3:12–05357, 2012 WL 3071246, at *1–2 (W.D. Wash. July 30, 2012) (characterizing the plaintiff's assertion that Chase was not entitled to enforce the Washington Mutual notes obtained pursuant to the PAA because "there is no evidence of ownership" as "simply untrue" and dismissing the action for failure to state a claim).

As to Chase's alleged admission in Deutsche Bank v. FDIC that the FDIC is the real party in interest, (Complaint, ¶28; Pl. Opp. Mem., p. 10), Chase's summary judgment brief from that case stated otherwise – "Under the plain terms of the [PAA] [Chase] did not become WMB's successor in interest."  Schwingler Decl., Ex. C, p. 27 (emphasis in original).  Chase made that statement with respect to the FDIC's retention of certain liabilities.  Id., pp. 26-27.  Regarding WAMU's assets, Chase stated "[w]hile

12

[Chase] purchased all of the assets of [WAMU], it assumed only specified liabilities…" Id., p. 27.  There is no merit to plaintiffs' argument that Chase "admitted" that it is not the real party in interest.

In short, not only is there no factual support for plaintiffs' assertion that Chase is not the real party in interest, the record shows the exact opposite – Chase acquired the mortgage from the FDIC and with it, the power to foreclose on the Property.

Plaintiffs' claim that the foreclosure was void because Chase did not have the right to enforce the note is similarly meritless.  This claim harkens back to the scores of "show me the note" cases plaintiffs' attorney Butler has brought in this District.  The Eighth Circuit has stated repeatedly that ownership of the note is not a prerequisite to foreclosure by advertisement—a party holding legal and record title to the mortgage may commence foreclosure, regardless of who owns the note.  See Dunbar, 709 F.3d at 1257; Karnatcheva, 704 F.3d at 547; Butler v. Bank of Amer., N.A., 690 F.3d 959, 962 (8th Cir. 2012); Murphy v. Aurora Loan Servs., 699 F.3d 1027, 1033 (8th Cir. 2012); Stein v. Chase Home Fin., LLC, 662 F.3d 976, 980 (8th Cir. 2011).  As both legal and record holder of title to the mortgage, Chase was entitled to foreclose.

This Court also rejects plaintiffs' conclusory claim that Chase's acquisition of its interest in plaintiffs' mortgage through the PAA amounted an assignment, which must be recorded pursuant to Minn. Stat. §580.0.[4]  Complaint, ¶11; Pl. Opp. Mem., pp. 10-11.

---

[4]      Minn. Stat. § 580.02 provides in relevant part:

    To entitle any party to make such foreclosure, it is requisite:

                              * * *

    (3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded;

It is true that Chase recorded no assignment of mortgage with the Hennepin County Registrar of Titles office.  Instead, Chase recorded an affidavit from the FDIC describing the PAA, Chase's acquisition of "all loans and all loan commitments" of WAMU, and stating that as a matter of law no assignment was required.  Schwingler Decl., Ex. B (Shoppe Aff), ¶¶3-5.

Even if the FDIC's affidavit did not fulfill the requirement of Minn. Stat. §580.02, the Court is persuaded that Chase was not obligated to record an assignment. Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, the mortgage was assigned to Chase by operation of federal law, which specifically authorizes the FDIC to transfer assets of a failed financial institution "without . . .assignment."  12 U.S.C. §1821(d)(2)(G)(i)(II).   Through operation of the Supremacy Clause, U.S. Const. art. VI, cl. 2, "a transfer of a mortgage, authorized by federal law, obviates the need for the specific written assignment that state law would otherwise require."  Demelo v. U.S. Bank Nat'l Ass'n, 727 F.3d 117, 125 (1st Cir. 2013).  If no assignment was required to effectuate the transfer of plaintiffs' mortgage to Chase, then it follows that no assignment was required to be recorded prior to the foreclosure sale of the Property.

Finally, to the extent that plaintiffs' quiet title claims rest on the alleged "falsity" of the recorded Powers of Attorney (due to Chase's supposed lack of interest in the

---

> provided, that, if the mortgage is upon registered land, it shall be sufficient if the mortgage and all assignments thereof have been duly registered. . . .

Minn. Stat. § 580.02, subd. 3.

mortgage), plaintiffs have no standing to challenge the foreclosure on this basis.[5]   See e.g. Forseth v. Bank of America, N.A., Civ. No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D. Minn. May 24, 2013) ("The allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible and pure speculation.   But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan.   There is no allegation in the Amended Complaint that any of these individuals falsely initiated foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event. The Forseths defaulted on their mortgage by not making payments as they promised. Even if all three of these individuals lacked signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims"); Kaylor v. Bank of America, N.A., Civ. No. 12-1586 (DSD/SER), 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (finding that even if individual who effectuated the assignment of the mortgage did not have authority to do so, homeowners not a party to the mortgage assignment had no standing to challenge the assignment.); see also Sovis v. Bank of New York Mellon, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (finding that general allegations that defendants unlawfully foreclosed on plaintiff's home pursuant to a series of invalid assignments of mortgage, "cannot furnish the causal nexus necessary to establish standing to assert her claims.");

---

[5]      Chase did not raise standing.  Nevertheless, "[c]ourts are 'obligated to examine standing sua sponte where standing has erroneously been assumed. . . .'" Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting Adarand Const., Inc. v. Mineta, 534 U.S. 103, 109 (2001)).

Gerlich v. Countrywide Home Loans, Inc., Civ. No. 10-4520 (DWF/LIB), 2011 WL 3920235, at *2 (D. Minn. Sept. 7, 2011) (borrower lacks standing to challenge assignment of mortgage)); Kebasso v. BAC Home Loans Servicing, LP, 813 F. Supp.2d 1104, 1113 (D. Minn. 2011) (finding that mortgagors, lacked standing to challenge the defendants' authority to foreclose, as "'any disputes that arise between the mortgagee holding legal title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purposes of foreclosure by advertisement.' The court reaffirmed the principle that 'legal and equitable title can be separated' and if a dispute arises between the holder of legal and equitable title with respect to foreclosure, '[i]t is a matter between them alone, and does not concern the mortgagor,' and such a transaction does "not affect the interests of the mortgagor, and he could not object."") (quoting Jackson v. Mortgage Elec. Registration Sys., Inc., 770 N.W.2d 487, 500 (Minn. 2009)).

　　　　For all of these reasons, this Court finds that dismissal of plaintiffs' quiet title claim is warranted.

### B.　Slander of Title

　　　　To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. Paidar v. Hughes, 615 N.W.2d 276, 279–80 (Minn. 2000) (citation omitted). To plead malice, plaintiffs "must raise factual allegations sufficient to create a plausible claim that at least one of

the [  ] parties acted with a reckless disregard for the truth, 'despite a high degree of awareness of probable falsity.'" Dunbar, 709 F.3d at 1258 (quoting Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920). Additionally, plaintiffs must establish that they relied on the alleged false statement. See Welk, 850 F.Supp.2d at 993-94.

Plaintiffs responded to Chase's motion to dismiss their slander of title claim by merely restating the allegations from the Complaint. Pl. Opp. Mem., pp. 14-15. The Court finds the claim must be dismissed because plaintiffs have alleged no facts from which this Court could infer that Chase made a false statement or acted maliciously, or that plaintiffs relied on any alleged misstatements by Chase, or that they suffered any pecuniary loss from a publication concerning title to their property. See Ko, 2013 WL 4052680, at *4 (dismissing similarly-pled slander of title claim). Although plaintiff alleged that Chase had "drafted and recorded documents that are false," (Complaint, ¶45), as the Court already noted, there not only is no evidence of these so-called false documents, but the evidence shows that the documents were properly executed and recorded. Plaintiffs' claims that the documents are "false" because Chase did not have an interest in the mortgage are meritless.

For all of these reasons, dismissal of this count is required.[6]

## C.     Declaratory Judgment

A declaratory judgment is a remedy, not a cause of action.  See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617–618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action").  In light of the Court's conclusion that plaintiffs' substantive claims must be dismissed under Rule 12(b)(6), "[they are] left with a remedy in search of right."  Scanlon v. Northwest Mortg., Inc., Civ. No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012).  See also Lara, 2013 WL 3088728, at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")).

For all of these reasons, this Court recommends that plaintiffs' suit be dismissed with prejudice.[7]

---

[6]     The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b).  See Murphy, 699 F.3d at 1032 (Rule 9(b) applies to slander of title claims); See also Lubbers v. Deutsche Bank Nat'l Trust Co., Civ No. 13-926(DWF/JSM), 2013 WL 6729004, at *13, n.10 (D. Minn. Dec. 19, 2013); Ko, 2013 WL 4052680, at *4; Pope v. Fed Home Loan Mortg. Corp., Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); Haubrich v. U.S. Bank, NA, Civ. No. 12-565 (DSD/TNL), 2012 WL 3612023, at *6 (D. Minn. Aug. 21, 2012), aff'd, 720 F.3d 979 (8th Cir. 2013).  Chase did not argue in favor of dismissal based on plaintiffs' failure to meet this standard.  Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard.

**III.    RECOMMENDATION**

For the reasons set forth above, it is recommended that:

(1)    Defendants' Motion to Dismiss [Docket No. 7] be **GRANTED.**

(2)    This matter be dismissed with prejudice.

Dated: December 27, 2013          *Janie S. Mayeron*
                                  JANIE S. MAYERON
                                  United States Magistrate Judge

---

[7]    "Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend."  Michaelis v. Neb. State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983).  Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate.  That is the case here.  See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice.  Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Ikechi v. Verizon Wireless, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 10, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.